1
2  (counsel listed following signature page)
3
4  UNITED STATES DISTRICT COURT
5  CENTRAL DISTRICT OF CALIFORNIA
   SOUTHERN DIVISION
6
7
8  CHARTER COMMUNICATIONS, INC.;  )  Case No. SACV07-402 AG(ANx)
   CHARTER COMMUNICATIONS         )
9  HOLDING COMPANY, LLC;          )
   CHARTER COMMUNICATIONS         )
10 HOLDINGS, LLC; and              )
   CC V HOLDINGS, LLC,            )  **STIPULATED**
11                                 )  **PROTECTIVE ORDER**
12                    Plaintiffs,  )
                                   )
13        - vs. -                  )
14                                 )
   IRELL & MANELLA LLP,            )
15                                 )
16                    Defendant.   )
17
18
19     GOOD CAUSE APPEARING, and pursuant to agreement of the parties, the
20  protective order agreed to by the parties (as modified by the Magistrate Judge) and
21  attached hereto as Exhibit "A" is hereby APPROVED. This shall be the protective
22  order in force in this matter.
23
                        / S /    ARTHUR NAKAZATO
24                    _____
                           ARTHUR NAKAZATO
25                    UNITED STATES MAGISTRATE JUDGE
26
27
28

# LIST OF COUNSEL

| | |
|---|---|
| Fred H. Bartlit, Jr.<br>Glen E. Summers<br>BARTLIT BECK HERMAN PALENCHAR &<br>SCOTT LLP<br>1899 Wynkoop Street, 8th Floor<br>Denver, Colorado 80202<br>(303) 592-3100 | Michael S. Sundermeyer<br>Paul B. Gaffney<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000 |
| David Freishtat<br>Stacie F. Dubnow<br>FREISHTAT, MULLEN & DUBNOW, LLC<br>Executive Plaza I, Suite 1000<br>11350 McCormick Road<br>Hunt Valley, Maryland 21031<br>(410) 727-7740 | David I. Gindler<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>(310) 277-1010 |
| Stephen B. Higgins<br>Steven M. Sherman<br>THOMPSON COBURN LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>(314) 552-6000 | Thomas R. Malcolm<br>JONES DAY<br>3 Park Plaza, Suite 1100<br>Irvine, California 92614<br>(949) 851-3939<br><br>*Attorneys for Defendant Irell &<br>Manella LLP* |
| David A. Robinson<br>Donald P. Wagner<br>ENTERPRISE COUNSEL GROUP<br>Five Park Plaza, Suite 450<br>Irvine, California 92614-5976<br>(949) 833-8550<br><br>*Attorneys for Plaintiffs Charter<br>Communications, Inc.; Charter<br>Communications Holding Company,<br>LLC; Charter Communications<br>Holdings, LLC; and CCV Holdings,<br>LLC* | Robert E. Zimet<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, New York 10036-6522<br>(212) 735-3000<br><br>*Attorneys for Paul G. Allen; Vulcan,<br>Inc.; Vulcan Northwest, Inc.; Vulcan<br>Ventures, Inc.; Vulcan Cable<br>Investments Ltd.; Vulcan Cable III, Inc.<br>and Charter Investment, Inc.* |

Exhibit "A"

Case 8:07-cv-00402-AG-AN   Document 53   Filed 01/18/08   Page 4 of 17   Page ID #:118

(counsel listed following signature page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC; CHARTER COMMUNICATIONS HOLDINGS, LLC; and CC V HOLDINGS, LLC,<br><br>               Plaintiffs,<br><br>- vs. -<br><br>IRELL & MANELLA LLP,<br><br>               Defendant. | Case No. SACV07-402 AG(ANx)<br><br>**STIPULATION RE: PROTECTIVE ORDER; [PROPOSED] STIPULATED PROTECTIVE ORDER** |

      Pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, this Stipulated Protective Order (the "Order") is entered into by and between: (i) plaintiffs Charter Communications, Inc., Charter Communications Holding Company, LLC, Charter Communications Holdings, LLC, and CC V Holdings, LLC (collectively, "Charter"); (ii) defendant Irell & Manella LLP ("Irell"); and (iii) non-parties Paul G. Allen, Vulcan, Inc., Vulcan Northwest, Inc., Vulcan Ventures, Inc., Vulcan Cable Investments Ltd., Vulcan Cable III, Inc. and Charter Investment, Inc. (collectively, the "Allen Parties").

      WHEREAS, on April 6, 2007, Charter commenced the above-captioned action against Irell (the "Action");

1

[PROPOSED] STIPULATED
PROTECTIVE ORDER

WHEREAS, Irell previously represented Charter and the Allen Parties in connection with a wide variety of matters;

WHEREAS, Charter and Irell have served document requests on each other seeking the production of certain documents which may be considered to be of a sensitive, confidential or proprietary nature, including documents which would normally be protected from disclosure to third-parties by virtue of the attorney-client privilege;

WHEREAS, Irell served the Allen Parties with subpoenas (the "Subpoenas") issued out of the United States District Court for the Western District of Washington, which Subpoenas request the production of certain documents;

WHEREAS, Charter and the Allen Parties have objected to producing documents absent a satisfactory arrangement for preserving the confidential status of such materials;

WHEREAS, Charter and Irell anticipate that non-parties other than the Allen Parties may object on confidentiality grounds to producing discovery in this matter, and through this Order seek to create a pre-existing mechanism for the non-parties to invoke to protect confidentiality; and

WHEREAS the parties hereto wish to reach agreement on a stipulated protective order that will govern the handling of documents, materials, items, testimony and/or other information produced or provided by the parties hereto in connection with the Action (such information hereinafter referred to as "Discovery Material").

NOW, THEREFORE, the parties hereto, through their undersigned counsel, hereby stipulate and agree to, and request entry of, a stipulated protective order that contains the following provisions:

1. All Discovery Material produced or provided in connection with the Action may be designated as "Confidential" in accordance with the terms of this Order. In the event a party hereto intends to produce Discovery Material in

connection with the Action that may be subject to any privilege or confidentiality interest held by another party hereto, the party producing such Discovery Material may anticipatorily designate it as "Confidential," or alternatively shall confer with the party holding such privilege or confidentiality interest and follow that party's instructions with respect to the designation of the Discovery Material prior to producing it in the Action.  For purposes of this Order, the term "Producing Party" shall refer to the party producing the Discovery Materials at issue unless such Discovery Materials are subject to a claim of privilege or confidentiality held by another party hereto, in which case such other party shall be deemed the "Producing Party."

2. Discovery Material may be designated "Confidential" if the Producing Party reasonably and in good faith believes that it contains or discloses:  (i) a trade secret or other confidential research, development or commercial information, (ii) information that would otherwise be protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other privilege or immunity, including information covered by Cal. Bus. & Prof. Code § 6068(e); (iii) information that constitutes or reflects confidential business and/or tax information, or (iv) any other information that the Producing Party believes is entitled to protection under Fed. R. Civ. P. 45(c).  Absent written agreement by the Producing Party or further order of this Court, once designated as "Confidential," such designated information shall be used by Charter, Irell or any other person receiving such information (the "Receiving Party") solely for purposes of litigating the Action and for no other purpose whatsoever, and shall not be disclosed by the Receiving Party to anyone except as provided herein.

3. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner:

(a) In the case of documents or other written materials:  by affixing the legend "Confidential – Subject to Protective Order" to each page

containing any confidential Discovery Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party becomes aware of the confidential nature of the Discovery Material disclosed and sought to be protected hereunder. Provided, however, that until such post-production designation is made, the Receiving Party shall not be liable for disclosing the Confidential Discovery Material in question.

(b) In the case of pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential"; or (ii) by written notice of such designation sent by the Producing Party's counsel to the Receiving Party's counsel within 14 days after receipt by the Producing Party's counsel of the final transcript.

(c) If any Discovery Material designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential Discovery Material shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the terms of this Order.

4. Discovery Material that has been designated "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

(a) undersigned counsel for the parties hereto, other outside counsel of record in the Action, and regular and temporary employees of such counsel for purposes of litigating the Action;

(b) officers, directors, employees and partners of the parties hereto, provided there is a good faith basis for showing such Discovery Material to such individuals for purposes of litigating the Action;

(c) consultants as defined in Paragraph 5 herein;

[PROPOSED] STIPULATED PROTECTIVE ORDER

  (d) court personnel;

  (e) court reporters and employees of court reporters engaged in connection with the Action to record and transcribe testimony in the Action;

  (f) employees of outside copy services engaged in connection with the Action;

  (g) third party contractors, including their employees and agents, involved solely in one or more aspects of graphics or design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with the Action, including the performance of such duties in relation to a computerized litigation support system;

  (h) jury or trial consulting services retained by or on behalf of Charter or Irell;

  (i) any person indicated on the face of a document to be the author, addressee, or copy recipient of the document or any other person reasonably believed to have been an author or recipient of the document;

  (j) persons identified by either party pursuant to Fed. R. Civ. P. 26(a)(1)(A) as potential witnesses, provided that counsel disclosing the information pursuant to this subparagraph believes in good faith that (i) such potential witness has specific information regarding the materials or events reflected in the material, (ii) that the materials would refresh the recollection of the potential witness regarding the materials or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination or interview of the potential witness.;

  (k) employees and attorneys of Irell's insurance carriers, to the extent they are responsible for working on this matter in the ordinary course of their duties; and

(l) any other person with the written consent of the Producing Party or by order of the Court.

5. For purposes of Paragraph 4(c), a consultant shall be defined as a person who is retained or employed as a consultant, expert witness or potential expert witness for purposes of the Action, whether full or part time, by or at the direction of counsel for Charter or Irell.

6. All persons who may be given access to Discovery Material designated "Confidential" pursuant to Paragraphs 4(b), 4(c), 4(e), 4(f), 4(g), 4(h), 4(i), 4(j), 4(k), and 4(l) above, respectively, shall be given access to such Discovery Material only after they first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

7. During any deposition of a witness who is not covered by the provisions set forth in paragraph 4, materials designated as "Confidential" may be shown to the witness and to his or her counsel, provided that the examining party first supplies both the witness and his or her counsel with a copy of this Protective Order and they both sign a copy of the undertaking attached as Exhibit A.  (In the event any such witness or his or her counsel refuses to sign the undertaking, counsel for the examining party and counsel for the Producing Party shall confer in good faith in an attempt to resolve the issue.)  In the event such disclosure is made, such witnesses and their counsel are directed to maintain the confidentiality of this information in accordance with the terms of this Order.  Furthermore, materials designated as "Confidential" shall not be attached to any copies of deposition transcripts provided to nonparty witnesses (except witnesses authorized to receive such materials under Paragraph 4 of this Order).  Discovery Material designated "Confidential" shall not be shown to a nonparty witness pursuant to this paragraph unless the party showing such materials to the nonparty witness believes in good faith that (i) such witness has specific information regarding the materials or events

reflected in the material, (ii) that the materials would refresh the recollection of the witness regarding the materials or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness.

8. If Discovery Material designated "Confidential" under this Order will be filed with any court or described as to content with specificity in any filing with a court, such filings shall be marked as set forth in this Order and shall be filed in a separate sealed envelope marked "File Under Seal – Subject to Stipulated Protective Order" and kept under seal, subject to the approval of the court where the filing is being made. To the extent such materials are filed under seal with this Court, no further application, order or approval shall be required to file such material under seal under Local Civil Rule 79-5.1. When possible, only "Confidential" portions of filings shall be filed under seal.

9. Charter or Irell may challenge the Producing Party's designation of Discovery Material as "Confidential" by serving a written objection upon counsel for the Producing Party. The Producing Party shall notify the objecting party in writing of the bases for the asserted designation within ten business days after receiving any written objection. Irell may also challenge, through the same procedure set forth herein, confidentiality designations Irell makes anticipatorily pursuant to paragraph 1, by giving notice to Charter and/or Allen, who will be deemed the Producing Party. Thereafter, counsel for the Producing Party shall make themselves available to confer in good faith as to the validity of the designation. If the parties cannot reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified Discovery Material be excluded from the provisions of this Order. The Producing Party, even if not a party to the Action, shall be given reasonable advance notice of, and an opportunity to be heard with respect to, any such application. Until a

dispute over the asserted designation is finally resolved, the Discovery Material in question shall be treated as "Confidential." In connection with any such challenge, the Producing Party shall bear the burden of persuasion with respect to the appropriateness of the "Confidential" designation.

10. All "Confidential" Discovery Material shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 4 above as persons properly having access thereto. For purposes of this provision, "secure facilities" is defined to include the law offices of counsel of record for Charter and Irell and their respective in-house attorneys, and any password protected computer of any designated person pursuant to Paragraph 4.

11. If a Producing Party inadvertently produces "Confidential" Discovery Material without marking it as such, it may be disclosed to others until the Receiving Party becomes aware of the error. As soon as the Receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Order, and the Receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information under Paragraph 4 above, as well as any copies made by such persons.

12. The provisions of this Order shall, absent written permission of the Producing Party or further Order of this Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of the Action, including any appeals therefrom, all persons having received Discovery Material designated "Confidential" hereunder shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or, alternatively, shall destroy such materials and provide written certification of such destruction to counsel for the Producing Party.

13. Notwithstanding Paragraph 12, counsel described in Paragraph 4(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any Discovery Material designated "Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except with the written permission of the Producing Party.

14. Prior to the use of any Discovery Material designated "Confidential" in open court in connection with any hearing, oral argument or trial in the Action or any appeal therefrom, counsel for the parties hereto shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of such Discovery Material, it being the intent of the parties to preserve the confidentiality of such information to the fullest extent possible consistent with open court proceedings, and shall incorporate such procedures in the pre-trial order or request other appropriate orders from the court presiding over the Action or any appeal therefrom. Under no circumstances shall any party hereto publicly disclose Discovery Materials designated "Confidential" at any open hearing, oral argument or trial without a good faith basis for doing so.

15. If a party hereto is (i) subpoenaed in another action or proceeding, (ii) served with a demand in another action or proceeding to which it is a party or (iii) served with any other legal process by one not a party to the Action, and if the subpoena, demand or other legal process seeks Discovery Material designated "Confidential", the party subpoenaed or served shall give prompt notice, by hand, overnight mail or facsimile transmission, within 10 business days of receipt of such subpoena, demand or legal process, to counsel for the Producing Party. In addition, the party subpoenaed or served, as appropriate, (i) shall furnish a copy of said subpoena, demand or other legal process, (ii) shall object to the production of Discovery Material designated "Confidential" by invoking this Order, and (iii) shall reasonably cooperate with respect to any procedure sought to be pursued by the

Producing Party.  Nothing herein shall be construed as requiring the party subpoenaed or served to challenge or appeal any order requiring production of confidential Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order.

16. To the extent Charter and Irell produce Discovery Material to one another in connection with the Action that is privileged or otherwise immune from discovery by virtue of an attorney-client relationship between Charter and Irell, the production of such information shall not be deemed to constitute a waiver of the privilege, provided, however, that Charter shall not on the basis of this paragraph withhold production of any Discovery Material from Irell.

17. To the extent the Allen Parties produce Discovery Material to Charter and/or Irell in connection with the Action that is privileged or otherwise immune from discovery by virtue of a joint representation of Charter and the Allen Parties by Irell, the production of such information shall not be deemed to constitute a waiver of the privilege, provided, however, that the Allen Parties shall not on the basis of this paragraph withhold production of any Discovery Material from Irell.

18. To the extent any party hereto elects to waive any applicable privilege, documents produced pursuant to such waiver may be designated as "Confidential" in accordance with the terms of this Order.  Such Discovery Material shall be used only in connection with this Action, and only in accordance with the terms of this Order.  Such Discovery Material shall continue to be privileged in connection with any efforts by third parties to gain access to such Discovery Material; provided, however, (i) that the party that has elected to waive privilege cannot assert that privilege against Irell and/or any its present or former partners, associates, attorneys or employees in any action or proceeding; and (ii) a Producing Party may not withhold production of such Discovery Material from any such Irell-related party in any action or proceeding on the basis of any claim of privilege.

19. If a Producing Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of the disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and if that request is made the Receiving Party shall not thereafter assert that the disclosure waived any privilege or immunity. In the event that a Receiving Party discovers that a Producing Party has produced documents clearly marked as privileged or otherwise immune from discovery, it shall promptly so notify the Producing Party through its undersigned counsel. Upon receipt of a request to return an item of inadvertently produced information, the Receiving Party will return or destroy the inadvertently produced item, and all copies and derivations, within five business days. The party having returned or destroyed the inadvertently produced item or items of information may thereafter seek production of the information, but shall not assert waiver as a grounds for such production.

20. By entering into this Stipulation and Order, the Allen Parties are submitting to the jurisdiction of this Court solely for purposes of interpreting and enforcing the provisions hereof, and for no other purpose whatsoever.

21. If additional persons become parties to this Action, such parties shall not have access to Discovery Material designated "Confidential" unless and until they confirm in writing that they have read this Order and agree to be bound by its terms.

22. Non-parties compelled by subpoena to produce documents or deposition testimony in this matter may invoke the protections of this Order and accordingly may designate such information as "Confidential."

23. In the event any party hereto concludes that any materials requested in discovery are of such a sensitive nature that disclosure should be restricted to the parties' respective outside counsel, the parties hereto shall promptly confer and work in good faith to resolve the issue. Any party hereto may seek a modification

of this protective order for good cause.

Dated: December 18, 2007

| | |
|---|---|
| **BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP** | **WILLIAMS & CONNOLLY LLP** |
| BY: _____ Glen E. Summers | BY: _____ Michael S. Sundermeyer |
| *Attorneys for Plaintiffs Charter Communications, Inc.; Charter Communications Holding Company, LLC; Charter Communications Holdings, LLC; and CCV Holdings, LLC* | *Attorneys for Defendant Irell & Manella LLP* |

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

BY: _____
        Robert E. Zimet

*Attorneys for Paul G. Allen; Vulcan, Inc.; Vulcan Northwest, Inc.; Vulcan Ventures, Inc.; Vulcan Cable Investments Ltd.; Vulcan Cable III, Inc. and Charter Investment, Inc.*

SO ORDERED:

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

# LIST OF COUNSEL

| | |
|---|---|
| Fred H. Bartlit, Jr.<br>Glen E. Summers<br>BARTLIT BECK HERMAN PALENCHAR &<br>SCOTT LLP<br>1899 Wynkoop Street, 8th Floor<br>Denver, Colorado 80202<br>(303) 592-3100 | Michael S. Sundermeyer<br>Paul B. Gaffney<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000 |
| David Freishtat<br>Stacie F. Dubnow<br>FREISHTAT, MULLEN & DUBNOW, LLC<br>Executive Plaza I, Suite 1000<br>11350 McCormick Road<br>Hunt Valley, Maryland 21031<br>(410) 727-7740 | David I. Gindler<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>(310) 277-1010 |
| Stephen B. Higgins<br>Steven M. Sherman<br>THOMPSON COBURN LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>(314) 552-6000 | Thomas R. Malcolm<br>JONES DAY<br>3 Park Plaza, Suite 1100<br>Irvine, California 92614<br>(949) 851-3939<br><br>*Attorneys for Defendant Irell &<br>Manella LLP* |
| David A. Robinson<br>Donald P. Wagner<br>ENTERPRISE COUNSEL GROUP<br>Five Park Plaza, Suite 450<br>Irvine, California 92614-5976<br>(949) 833-8550<br><br>*Attorneys for Plaintiffs Charter Communications, Inc.; Charter Communications Holding Company, LLC; Charter Communications Holdings, LLC; and CCV Holdings, LLC* | Robert E. Zimet<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, New York 10036-6522<br>(212) 735-3000<br><br>*Attorneys for Paul G. Allen; Vulcan, Inc.; Vulcan Northwest, Inc.; Vulcan Ventures, Inc.; Vulcan Cable Investments Ltd.; Vulcan Cable III, Inc. and Charter Investment, Inc.* |

# EXHIBIT A
# CERTIFICATION

I, the undersigned, _____, hereby certify that I have received and read a copy of that certain Stipulated Protective Order, dated December 18, 2007, by and between Charter, Irell and the Allen Parties (as those parties are defined therein) (the "Order").  I understand that I am being provided, or may be provided, with documents, materials, items, testimony and/or other information (collectively, "Discovery Material") that has been designated "Confidential" pursuant to the Order.  I hereby agree: (i) to be bound by and comply with all provisions of the Order at all times; and (ii) that in accordance thereof, I will hold Confidential Discovery Material in the strictest confidence, and shall not reveal, disclose or describe, in whole or in part, such Confidential Discovery Material to any person except as expressly authorized under the Order.

Dated: _____

Name: _____